**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02229-REB-KMT

GARY DAVIS,

    Plaintiff,

v.

THE GEO GROUP, INC., a Florida corporation, doing business in Colorado and headquartered at 621 NW 53rd Street, Suite 700, Boca Raton, FL 33487, and
ONE OR MORE JOHN DOES,

    Defendants.

## ORDER RE: MOTION FOR PARTIAL DISMISSAL

**Blackburn, J.**

The matter before me is defendant's **Motion for Partial Dismissal and Brief in Support** [#9][1] filed October 13, 2010. I grant the motion in part and deny it in part.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

Defendant's motion to dismiss raises issues under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Because defendant's motion presents a facial attack, I must accept the allegations of the complaint as true. *Id*. Plaintiff bears the burden of establishing that

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

subject matter jurisdiction exists. **Henry v. Office of Thrift Supervision**, 43 F.3d 507, 512 (10th Cir. 1994); **Fritz v. Colorado**, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "contains 'enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[2]

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of

## III.  ANALYSIS

Plaintiff formerly worked as a detention officer at the Aurora Detention Facility (the "Aurora facility"), which is privately owned and operated by defendant under contract with the Department of Homeland Security, Bureau of Immigration and Customs Enforcement.  On January 6, 2009, plaintiff resigned his position in lieu of termination after he was accused of sleeping on duty.  Plaintiff was hired subsequently as a correctional officer by Cornell Companies ("Cornell"), a privately owned operator of the medium-security Hudson Correctional Facility in Hudson, Colorado (the "Hudson facility").  Defendant purchased Cornell on August 12, 2010.  On the day of the sale, defendant terminated plaintiff's employment because he was not eligible for rehire based on his prior resignation in lieu of termination from the Aurora facility.  This lawsuit followed.

Herein, plaintiff asserts claims for discrimination and retaliation pursuant to 42 U.S.C. § 1981, violation of the Colorado Anti-Discrimination Act ("CADA"), §§24-34-402 – 24-34-408, C.R.S., and Title VI, 42 U.S.C. § 2000d.  Defendant has moved to dismiss

---

> conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

all but the section 1981 discrimination claim.  In response to the motion, plaintiff acknowledges that he has not properly exhausted his claims under CADA and, therefore, agrees that they should be dismissed for lack of subject matter jurisdiction. *See* §24-34-306(14), C.R.S.; ***City of Colorado Springs v. Conners***, 993 P.2d 1167, 1169 & n.3 (Colo. 2000).  Thus, defendant's motion as to that claim will be granted.[3]

Plaintiff's response also points out that, contrary to defendant's arguments, the complaint does not assert claims under Title VII, which prevents discrimination in employment, but rather under Title VI, which prohibits discrimination by any entity receiving federal financial assistance.  Although defendant attempts in its reply brief to demonstrate that the Title VI claim should be dismissed for failure to state a claim, these arguments are procedurally improper.[4]  ***Fischer v. Adams County School District No. 12***, 2006 WL 407820 at *2 n.1 (D. Colo. Feb. 16, 2006) ("It is improper for a party to reserve its best case, even if ostensibly raised in response to its opponent's arguments, for its reply, when the opponent has no ready means of responding.  Just as courts do not consider issues raised for the first time in a reply brief, it would be inequitable to consider arguments regarding issues as to which the movant has the burden of proof that are not fully developed until the reply brief.") (internal citation omitted).  Accordingly,

---

[3] I note that any claim under CADA related to plaintiff's January, 2009, termination from the Aurora facility is now barred by limitations.  ***See Conners***, 993 P.2d at 1169 (citing §24-34-306(14), C.R.S.)).  However, the six-month limitations period has not yet expired as to any potential claim related to plaintiff's August, 2010, termination from the Hudson facility.  Accordingly, the former claim will be dismissed with prejudice and the latter without prejudice.

[4] Although defendant attempts to fob off its misunderstanding of the nature of this claim by a vague and unsubstantiated reference to discussions with plaintiff's counsel, the complaint itself could not be clearer in articulating the basis therefor.

defendant's motion to dismiss plaintiff's Third Cause of Action must be denied.[5]

The only remaining issue, therefore, is whether the complaint adequately states a claim of retaliation under section 1981. Claims alleging retaliation under section 1981 are cognizable, and may be analyzed under the same substantive standards as apply in Title VII retaliation cases. *Felix v. City and County of Denver*, – F.Supp.2d –, 2010 WL 3002023 a *8 (D. Colo. July 28, 2010). To make out such a claim, plaintiff must allege facts sufficient to plausibly suggest

> (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.

*Somoza v. University of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008) (citation and internal quotation marks omitted). Defendant concedes, for purposes of its motion to dismiss, that the first two elements are satisfied. Nevertheless, it contends that plaintiff has failed to plead facts showing a causal connection between his protected activity and his termination.

Defendant insists that the temporal distance between plaintiff's EEOC charge, filed in June, 2009, and his termination from the Hudson facility, in August, 2010, is so remote as to negate any inference of retaliatory motive in that decision. It is true that, when the only connection between the employee's protected activity and the employer's challenged action is temporal proximity, it must be "very close" to warrant a conclusion

---

[5] Plaintiff avers that he has filed a Charge of Discrimination with the EEOC alleging violations of Title VII with respect to allegedly false and defamatory references provided by defendant following plaintiff's August, 2010, termination and anticipates moving to amend the complaint if and when notice of right to sue has been issued as to that claim.

of causality. ***Clark County School District v. Breeden***, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (quoting ***O'Neal v. Ferguson Construction Co.***, 237 F.3d 1248, 1253 (10th Cir. 2001)).[6] Nevertheless, temporal proximity is merely a sufficient, not a necessary, condition to proof of causation, and lack thereof, standing alone, is not necessarily dispositive of plaintiff's claim. Instead, when temporal proximity is lacking, plaintiff "will need to rely on additional evidence beyond mere temporal proximity to establish causation." ***Anderson v. Coors Brewing Co.***, 181 F.3d 1171, 1179 (10th Cir. 1999). This makes his job of sustaining a retaliation claim more difficult, perhaps, but not so impossible as to warrant dismissal at the pleading stage.

Moreover, and contrary to defendant's characterization of the allegations of the complaint, plaintiff's claim of retaliation is not cabined to the connection *vel non* between his formal charge of discrimination and his August, 2010, termination from the Hudson facility. Indeed, plaintiff specifically alleges that he was fired from the Aurora facility after protesting that similarly situated non-African American employees who engaged in equally serious work violations had not been forced to resign or face termination. (**Complaint** ¶ 16 at 3, ¶ 29 at 5 [#1], filed September 13, 2010.)[7] These

---

[6] Under this standard, the Tenth Circuit has found a lapse of three months insufficient to establish the necessary causal connection. ***See Richmond v. ONEOK, Inc.***, 120 F.3d 205, 209 (10th Cir. 1997); ***cf. Ramirez v. Oklahoma Department of Mental Health***, 41 F.3d 584, 596 (10th Cir. 1994) (lapse of one and a half months may by itself establish causation), ***overruled on other grounds by Ellis v. University of Kansas Medical Center***, 163 F.3d 1186, 1194-95 (10th Cir. 1998); ***see also Anderson v. Coors Brewing Co.***, 181 F.3d 1171, 1179 (10th Cir. 1999) (pretermitting consideration of whether lapse of nine weeks sufficient to establish causation).

[7] Plaintiff alludes in his response to "other evidence" that may justify an inference of retaliatory motive, specifically that defendant has provided negative job references following his termination. (***See* Response** at 4 [#13], filed November 3, 2010.) These allegations, however, relate to plaintiff's pending EEO charge, and, thus, are not part of the present complaint or ripe for consideration. Accordingly, I do not consider such allegations.

6

allegations are adequate to state a plausible claim for retaliatory termination at this stage of the proceedings.

Defendant argues also that the complaint fails to allege that the person who made the decision to terminate plaintiff's employment had knowledge of his EEOC complaint.  *See Williams v. Rice*, 983 F.2d 177, 181 (10th Cir. 1993).  Although not entirely specific, the complaint does allege that plaintiff informed defendant's CEO of his EEO charge, in writing, on December 10, 2009, and that his August 12, 2010, termination came directly from defendant's Florida headquarters.  (**Complaint ¶¶** 21 & 23 at 4 [#1], filed September 13, 2010.)  At this early juncture, I find these allegations adequate to suggest plausibly that one or more relevant decision makers were aware of plaintiff's putatively protected opposition.[8]

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion for Partial Dismissal and Brief in Support** [#9] filed October 13, 2010, is **GRANTED IN PART** and **DENIED IN PART**, as follows:

   a. That the motion is **GRANTED** with respect to plaintiff's Second Cause of Action (Violation of C.R.S. §24-34-402), as set forth in plaintiff's **Complaint ¶¶** 36-42 at 6 [#1] filed September 13, 2010;

   b. That in all other respects, the motion is **DENIED**;

2. That plaintiff's Second Cause of Action (Violation of C.R.S. §24-34-402), as set forth in plaintiff's **Complaint ¶¶** 36-42 at 6 [#1] filed September 13, 2010, is

---

[8] Indeed, it is not implausible that knowledge of who made these relevant decisions is peculiarly within defendant's own knowledge, making dismissal at the pleading stage particularly imprudent.

**DISMISSED WITH PREJUDICE** in part and **DISMISSED WITHOUT PREJUDICE** in part, as follows:

    a. That plaintiff's Second Cause of Action (Violation of C.R.S. §24-34-402), as set forth in plaintiff's **Complaint** ¶¶ 36-42 at 6 [#1] filed September 13, 2010, is **DISMISSED WITH PREJUDICE** insofar as it alleges a violation of the statute premised on plaintiff's January, 2009, resignation in lieu of termination from the Aurora facility;

    b. That plaintiff's Second Cause of Action (Violation of C.R.S. §24-34-402), as set forth in plaintiff's **Complaint** ¶¶ 36-42 at 6 [#1] filed September 13, 2010, is **DISMISSED WITHOUT PREJUDICE** insofar as it alleges a violation of the statute premised on plaintiff's August, 2010, termination from the Hudson facility; and

3. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, The GEO Group, Inc., and against plaintiff, Gary Davis, as follows:

    a. That judgment **SHALL ENTER** on behalf of defendant, The GEO Group, Inc., and against plaintiff, Gary Davis, with respect to Second Cause of Action (Violation of C.R.S. §24-34-402), as set forth in plaintiff's **Complaint** ¶¶ 36-42 at 6 [#1] filed September 13, 2010, insofar as it alleges a violation of the statute premised on plaintiff's January, 2009, resignation in lieu of termination from the Aurora facility; provided, that the judgment as to this aspect of that claim **SHALL BE** with prejudice; and

    b. That judgment **SHALL ENTER** on behalf of defendant, The GEO

Group, Inc., and against plaintiff, Gary Davis, with respect to Second Cause of Action (Violation of C.R.S. §24-34-402), as set forth in plaintiff's **Complaint ¶¶ 36-42 at 6 [#1]** filed September 13, 2010, insofar as it alleges a violation of the statute premised on plaintiff's August, 2010, termination from the Hudson facility; provided, that the judgment as to this aspect of that claim **SHALL BE** without prejudice, unless, at the time judgment is entered, plaintiff has failed to file the administrative charge contemplated by CADA within the applicable statute of limitations, in which case, the judgment as to this aspect of that claim **SHALL BE** with prejudice.

Dated December 15, 2010, at Denver, Colorado.

          **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge