IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02229–WJM–KMT

GARY DAVIS,

      Plaintiff,

v.

THE GEO GROUP, a Florida Corporation doing business in Colorado and headquartered at 621 NW 53rd Street, Suite 700 Boca Raton, FL 33487, and
ONE OR MORE JOHN DOES,

      Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to File the Attached Amended Complaint" (Doc. No. 33 [Mot.], filed February 1, 2011). Defendants filed their Response on February 22, 2011, and Plaintiff filed his Reply on March 8, 2011. (Doc. Nos. 38 [Resp.] and 43 [Reply].) This motion is ripe for ruling.

Plaintiff seeks to amend his Complaint (Doc. No. 1) to name the John Doe defendants and to delete references to the state law claim dismissed by Judge Blackburn in his Order of December 16, 2010 (Doc. No. 28). (Mot. at 1.) Plaintiff also wishes to amend the Complaint to "more clearly state[] that Mr. Davis is complaining about racial discrimination as it relates to the challenged actions in 2008 and 2009" and that "his firing in August 2010 was due to his race and/or in retaliation for complaining about racial discrimination." (*Id.* at 1–2.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendants oppose Plaintiff's motion on the grounds of undue delay, prejudice, and motive. (Resp., ¶ 5.)

*Delay*

The court originally set the deadline for joining parties and amending pleadings at January 28, 2011. (*See* Doc. No. 24.) Plaintiff did file his motion to amend on January 28, 2011. (Doc. No. 30.) However, this court denied the motion to amend without prejudice for Plaintiff's failure to show good cause for the proposed amendments or to advise the court what portion of the operative complaint he wished to amend. (Doc. No. 32.) This court granted an

extension to February 1, 2011, for Plaintiff file his renewed motion to amend. (*Id.*) Plaintiff filed the present Motion on February 1, 2011. As such, Plaintiff's motion to amend is timely.

*Prejudice*

The most important factor in considering whether amendment should be permitted is prejudice to the nonmoving party. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.' " *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Prejudice is most likely to be found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

Defendants argue Plaintiff was aware of the first "John Doe" defendant, Stephen V. Fuller, since he filed his original complaint. (Resp., ¶¶ 6–7.) In support of this argument, Defendants refer to paragraphs 23 and 32 of Plaintiff's Complaint, which refer to the termination letter written to Plaintiff by Mr. Fuller. (*Id.* at 7.) Additionally, Defendants point out that Defendants' July 2009 response to Plaintiff's EEOC charge identified Mr. Fuller as being involved in Plaintiff's separation from their employ. (*Id.*) Similarly, Defendants argue that Plaintiff was aware of the Second and third "John Doe" defendants, Teresa Hunt and Dawn Ceja, since at least July 2009, when Plaintiff received Defendants' response to the EEOC charge. (*Id.*, ¶¶ 8–9.)

Defendants assert that "there is no reason why Plaintiff could not have named [these individuals] in the original complaint." (*Id.*, ¶¶ 7–9.) Defendants also argue adding these

3

defendants at this time will prejudice them because discovery in this case has already commenced.  (*Id.*, ¶ 11.)  The court is not persuaded by Defendants' arguments and does not find that Defendants will face undue difficulty defending themselves against the proposed amendments.  The affirmative expert disclosure deadline is April 29, 2011; the rebuttal expert disclosure deadline is May 30, 2011; the discovery deadline is July 1, 2011; and the dispositive motions deadline is August 1, 2011.  (*See* Doc. No. 24.)  Moreover, no trial date has been established.  The amendments will not alter the focus of the case.  The court finds no basis for a finding of undue prejudice to Defendants by allowing the amendments.  Moreover, upon review of the proposed Amended Complaint, the Motion, and the Response, the court finds that there has been no showing of bad faith, dilatory motive, or futility.

Therefore, it is

**ORDERED** that Plaintiff's "Motion to File the Attached Amended Complaint" (Doc. No. 33) is GRANTED.  The Clerk of Court is directed to file Plaintiff's Amended Complaint, attached to the Motion as Document 33-1.

Dated this 18th day of March, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge