IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02229–WJM–KMT

GARY DAVIS,

    Plaintiff,

v.

THE GEO GROUP, a Florida Corporation doing business in Colorado and headquartered at 621 NW 53rd Street, Suite 700 Boca Raton, FL 33487,
STEPHEN V. FULLER, in his capacity as the Vice President of the GEO Group, Inc. and in his individual capacity,
TERESA HUNT, in her capacity as the Warden of the GEO Group, Inc.'s Aurora, CO Facility, and in her individual capacity, and
DAWN CEJA, in her capacity as the Assistant Warden of the GEO Group Inc.'s Aurora, CO Facility, and in her individual capacity,

    Defendants.

---

## ORDER

---

This matter is before the court on Plaintiff's oral motion to compel Defendant Teresa Hunt to respond to the deposition question, "Why was your employment [with The Geo Group] terminated?" Defendant Hunt refused to answer on the basis that a confidentiality agreement with The Geo Group forbade a response. The parties agreed to *in camera* review to determine if Ms. Hunt should be required to answer questions concerning her reasons for separation from

employment with The Geo Group. The referenced documentation was submitted to the court via electronic mail on July 18, 2011.[1]

The Separation Agreement provides, in pertinent part, that the parties to the Agreement will not reveal "the existence of this Agreement, the contents and terms of this Agreement and the consideration for this Agreement." Separation Agreement at 5. In the context of settlement agreements, confidentiality may be of paramount concern to the parties, especially where one side fears that publicity of a settlement might encourage further litigation. *General Steel Domestic Sales, LLC v. Steel Wise, LLC*, Case No. 07-cv-01145-DME-KMT, 2009 WL 185614, *7 (D. Colo. Jan. 23, 2009). Subjecting a settlement to terms of confidentiality can play an important role in allaying those concerns, thereby facilitating settlement and avoiding protracted litigation. *Stephens v. County of Albemarle*, 422 F. Supp. 2d 640, 644 (W.D. Va. 2006).

The document reviewed by the court in this case, however, is not a settlement agreement and it is unclear from a four-corners review whether there was any particular dispute requiring resolution by settlement or otherwise at the time the parties entered into the agreement. The document is a "Separation Agreement" which sets forth the terms applicable to the cessation of the employment of Defendant Hunt by The Geo Group, without any reference to the "reason" why the parties were dissolving the employment relationship other than to contractually conclude their affiliation.

---

[1] The submitted *in camera* document, hereby designated "Separation Agreement" shall be filed under seal and will remain unavailable to the public and to the parties in this litigation until and unless there is a further order from this court.

Absent a showing of compelling need, a purely private agreement among the parties to keep the terms of their contractual arrangements and their own records confidential will be enforced. *General Steel,* at *7. Even when private confidentiality agreements are enforced, however, not all factual matters concerning the issues resolved by the contract will necessarily be muzzled; often courts will protect the terms of the agreement but will not allow a confidentiality agreement to prevent discovery directed to witnesses who can testify to otherwise admissible factual matters. *E.E.O.C. v. Astra U.S.A., Inc.*, 94 F.3d 738, 71 (1st Cir. 1996) (covenant not to assist EEOC held invalid); *Kalinauskas v. Wong*, 151 F.R.D. 363 (D. Nev. 1993); *Hamad v. Graphic Arts Center, Inc.*, Case No. CIV. 96-216-FR, 1997 WL 12955 (D. Ore. Jan. 3, 1997); *Wendt v. Walden University*, *Inc.*, Case No. CIV. 4-95-467, 1996 WL 84668 (D. Minn. Jan. 16, 1996); *Peterson v. Seagate*, 534 F. Supp. 2d 996, 999-1000 (D. Minn. 2008) (voiding settlement because it barred the plaintiff from filing administrative charges under the ADEA); *General Steele*, at *7. *Cf. Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 456-458, (5th Cir. 2005) (holding that the mere fact that a non-disparagement clause could conceivably be used to hide illegality did not render it void as illegal or contrary to public policy).

Plaintiff alleges that Ms. Hunt was the decision maker who terminated him from employment with The Geo Group on January 6, 2009. (Am. Compl. at ¶ 18.) Part of Plaintiff's allegations concern Ms. Hunt's alleged practice of scheduling Mr. Davis to work unreasonably long hours, requiring that he work eight hour shifts with less than eight hours between shifts and, at times, back-to-back eight hour shifts. (*Id.* at ¶ 14.) Plaintiff further alleges that during a one-week period in early December 2008, he was required to work 84 hours and, as a result, fell

asleep for a few moments during one of his shifts.  (*Id.* at ¶ 15.)  He alleges, among other things, that this unreasonable work schedule led to his termination.  (*Id.*)

At the deposition Plaintiff sought to discover if Defendant Hunt's unreasonable demands placed on employees and her alleged general unsatisfactory management of the prison was the reason for The Geo Group's termination of her employment approximately eight months after she had terminated the Plaintiff.

The scope of evidence that is subject to discovery under the Federal Rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P 26(b)(1).  "Limitations on the discovery process necessarily conflict with the 'the fundamental principle that 'the public . . . has a right to every man's evidence.'"  *Simpson v. University of Colorado*, 220 F.R.D. 354, 356 (D. Colo. 2004) (citing *Trammel v. United States*, 445 U.S. 40, 50 (1980)).

Both Ms. Hunt and The Geo Group are defendants in this action.  The information about the reasons underlying the separation of Ms. Hunt from The Geo Group may "lead to the discovery of admissible evidence" bearing on the Plaintiff's alleged wrongful termination.

Therefore, Plaintiff's oral motion to compel is **GRANTED IN PART**.  The plaintiff shall be required to respond to the question "Why was your employment [with The Geo Group]

terminated?" and other questions related to the reasons for her separation from The Geo Group, including whether or not any disciplinary or other negative action was contemplated against her at the time of her separation.[2] Both questions and answers elicited during this part of Defendant Hunt's deposition shall be marked confidential and shall be protected by the terms of the parties' Protective Order [Doc. No. 22].

    It is further **ORDERED**

Defendant Hunt will be precluded from responding to any questions directed to discovery of the contents or terms of the Separation Agreement and the Plaintiff will endeavor not to make such inquiry.

    It is further **ORDERED**

The deposition of Theresa Hunt may be reconvened to effectuate this order but in no event shall the combined total of hours for the entirety of Ms. Hunt's deposition exceed those imposed by the court as part of the Scheduling Order.

    Dated this 21st day of July, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] Although the Separation Agreement could be read to preclude Defendant Hunt from responding to this or similar questions, the confidentiality clause exempts revelations made "as required by law."