IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02229–WJM–KMT

GARY DAVIS,

    Plaintiff,

v.

THE GEO GROUP, a Florida Corporation doing business in Colorado and headquartered at 621 NW 53rd Street, Suite 700 Boca Raton, FL 33487,
STEPHEN V. FULLER, in his capacity as the Vice President of the GEO Group, Inc. and in his individual capacity,
TERESA HUNT, in her capacity as the Warden of the GEO Group, Inc.'s Aurora, CO Facility, and in her individual capacity, and
DAWN CEJA, in her capacity as the Assistant Warden of the GEO Group Inc.'s Aurora, CO Facility, and in her individual capacity,

    Defendants.

**ORDER**

This matter is before the court on "Defendants' Motion to Strike Plaintiff's Expert Witness" (Sealed Doc. No. 66, Public Entry Doc. No. 69 [Mot.], filed September 22, 2011). Plaintiff filed his response on October 14, 2011 (Doc. No. 85 [Resp.]), and Defendants filed their reply on October 28, 2011 (Doc. No. 92 [Reply]).

**BACKGROUND**

On September 13, 2010, Plaintiff filed this case against his former employer Defendant The GEO Group, Inc. ("GEO"), and individual defendants, Stephen V. Fuller, Teresa Hunt, and Dawn Ceja, for race discrimination and retaliation pursuant to 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.  Plaintiff alleges he was improperly terminated from GEO's Hudson, Colorado, correctional facility in August 2010, and that he was constructively discharged from GEO's Aurora, Colorado, detention facility in January 2009. Plaintiff asserts that he is entitled to compensatory damages for lost wages/benefits, emotional distress, and damages to his reputation.  (*See* Mot., Ex. A.)

On December 2, 2010, Plaintiff served his initial disclosures pursuant to Rule 26(a)(1)(A).  (*Id.*)  Plaintiff identified individuals likely to have discoverable information related to his claims.  Plaintiff did not identify any treating providers in his disclosures.  Plaintiff did state in his Initial Disclosures that "Plaintiff is retaining a psychologist to testify about his emotional distress damages and an economist to calculate his lost wages/benefits."  (*Id.*)  On December 9, 2010, this court entered a Scheduling Order setting the date for expert disclosures as April 29, 2011.  (Doc. No. 25, ¶ 9.d.3.)  The Scheduling Order also required the parties to provide all information specified in Rule 26(a)(2) by April 29, 2011.  (*Id.*)  In the Scheduling Order, Plaintiff stated that he would be disclosing an economist, a psychologist, and an expert familiar with correctional facility human resources.  (*Id.,* ¶ 9.d.1.)

On April 29, 2011, Plaintiff served his expert disclosure.  (*See* Mot., Ex. B.)  The expert disclosure is one page and there were no attachments.  (*Id.*)  Plaintiff identifies Dr. Will Miles,

Ph.D., as his only expert.  In the disclosure, Plaintiff states that Dr. Miles is a licensed psychologist; Dr. Miles has seen, evaluated and treated Plaintiff; and, Dr. Miles "is expected to offer testimony about his evaluation of Plaintiff and Plaintiff's emotional distress related to his work for and discharge from employment at Geo, Inc." (*Id.*)

Defendants move to strike Dr. Miles as an expert because, though Plaintiff asserts he is a treating psychologist and not a retained expert, Defendants assert he is a retained expert who was hired to examine Plaintiff for this lawsuit and to provide an opinion as to the cause of Plaintiff's emotional damages.  Defendants also argue that Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 26(a)(2) for the disclosure of an expert witness.

## ANALYSIS

Rule 26(a)(2)(A) requires a party to "disclose to the to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Depending upon the nature of the witness, a party may also need to disclose additional information.  Fed. R. Civ. P. 26(a)(2)(B) provides in part that if "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosure must be supplemented by a written report.  For all other witnesses, parties are required to disclose only "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Rule 26(a)(2) addresses only the sufficiency of the disclosure.  Compliance with Rule 26(a)(2) does not resolve whether witnesses are qualified under Fed. R. Evid. 702 or whether their testimony is admissible at trial.  Defendants' motion is brought pursuant to Rule 26(a)(2), and the court will limit its analysis accordingly.

This court traditionally has employed a burden-shifting procedure for determining whether the requirements of Rule 26(a)(2) have been satisfied.  *Morris v. Wells Fargo Bank, N.A.*, No. 09–cv–02160–CMA–KMT, 2010 WL 2501078, at *1 (D. Colo. June 17, 2010) ("[I]t is clear that some showing must be made to distinguish an expert witness not required to file a report under Rule 26(a)(2)(B) from the vast majority of cases where experts are required to provide a report.").  The party moving to strike the witness bears the initial burden of showing that the disclosing party failed to produce a written report under Rule 26(a)(2)(B).  *Id.*  The burden then shifts to the disclosing party to demonstrate that the witness is not retained or specially employed and, thus, no report was required.  *Id.*

Ordinarily, physicians providing a party with medical treatment are designated as non-retained and, thus, are exempt from the report requirement.  *Trejo v. Franklin*, No. 04–cv–02523–REB–MJW, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) ("In general, treating physicians do not come within the purview of [the Rule 26(a)(2)(B) ] requirement.").  Because treating physicians presumably keep medical records documenting their observations, findings, and treatment regimes, a written report would usually be unnecessary.  *See Scholl v. Pateder*, No. 09–cv–02959–PAB–KLM, 2011 WL 2473284, at *3 (D. Colo. June 22, 2011).

Although a witness's records as a treating physician may, in some instances, obviate the need for a report, "[i]t is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." *Trejo*, 2007 WL 2221433, at *2 (quoting *Harvey v. United States of America*, No. 04-cv-00188-WYD-CBS, 2005 WL 3164236, at *8 (D. Colo. Nov. 28, 2005)). When a witness's testimony is limited to "his observations, diagnosis and treatment of a patient, the physician is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony about that treatment are based on his specialized knowledge and training." *Griffith v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 233 F.R.D. 513, 518 (N.D. Ill. 2006). Under these circumstances, no Rule 26(a)(2)(B) report is necessary. *Id.* However, when a witness "opines as to causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did it . . . and [is] giving an opinion formed because there is a lawsuit." *Id.* A similar conclusion may be reached when a witness is asked to review the records of another health care provider in order to formulate his or her own opinion on the appropriateness of care. *Trejo*, 2007 WL 2221433, at *1–*2 (quoting *Wreath v. Kansas*, 161 F.R.D. 448, 450 (D. Kan.1995)). In both instances, the witness is considered "retained or employed" under Rule 26(a)(2)(B) and must file a written report accordingly. *Id.*

Here, Defendants have met their initial burden of showing that no Rule 26(a)(2)(B) report was filed by Plaintiff's "non-retained" witness, Dr. Miles. Plaintiff does not contend otherwise. Thus, the court shifts its analysis to whether Plaintiff has demonstrated that Dr. Miles is properly designated as non-retained.

Reviewing the disclosure of Dr. Miles, the court finds he is properly designated as non-retained and, thus, exempt from the Rule 26(a)(2)(B) report requirement. Plaintiff discloses that Dr. Miles is a licensed psychologist who has seen, evaluated, and treated Plaintiff. (*See* Mot., Ex. B at 2.) Plaintiff concedes that he does not plan on calling Dr. Miles to render an opinion about whether or not Defendants' actions caused Plaintiff to suffer emotional distress. (Resp. at 2.) Plaintiff also states he will call Dr. Miles to confirm that Plaintiff began receiving treatment from Dr. Miles after Plaintiff was fired the second time. (*Id.*) On its face, the disclosed testimony of Dr. Miles is appropriately limited to "what [Dr. Miles] saw and did and why [Dr. Miles] did it." *See Griffith*, 233 F.R.D. at 518. As such, Dr. Miles is properly designated as a non-retained witness and need only provide a disclosure in accordance with Rule 26(a)(2)(C). However, Dr. Miles's testimony will be limited to "his observations, diagnosis and treatment of" Plaintiff and "about what he saw and did and why he did it." 233 F.R.D. at 518. Dr. Miles may not "opine[ ] as to causation, prognosis, or future disability." *Id.*

Finding that Dr. Miles is properly designated and exempt from the report requirement of Rule 26(a)(2)(B), the court turns to whether Plaintiff's disclosure satisfies Rule 26(a)(2)(C). The requirements of Rule 26(a)(2)(C) "differ substantially from the more detailed expatiation required of a report provided by a retained expert." *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10–cv–00816–REB–KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011). Under Rule 26(a)(2)(C), parties must provide "a summary of facts and opinions to which the expert will testify." *Id.* Having reviewed the disclosure of Dr. Miles, the court finds Plaintiff has not met this requirement. Plaintiff merely states that Dr. Miles "is expected to offer testimony about his

evaluation of Plaintiff and Plaintiff's emotional distress related to his work for and discharge from employment at Geo, Inc." (Mot., Ex. B at 2.) However, the disclosure states nothing about the facts and opinions to which Dr. Miles will testify. (*See id.*)

Regardless, any prejudice suffered by the defendants as a result of the insufficient disclosure is not irreparable. The court notes Defendants have had access to Dr. Miles' medical records since July 2011, and trial is not set in this matter until September 17, 2012. Thus, if Plaintiff provides an amended Rule 26(a)(2)(C) disclosure specifying the facts and opinions about which Dr. Miles' will testify at trial, as required by Rule 26(a)(2)(C), the defendants will have adequate notice and opportunity to prepare for Dr. Miles' testimony at trial.

## CONCLUSION

For the foregoing reasons, "Defendants' Motion to Strike Plaintiff's Expert Witness" (Sealed Doc. No. 66, Public Entry Doc. No. 69) is GRANTED in part and DENIED in part. Defendants' motion to strike Plaintiff's expert, Dr. Miles, is denied. However, the motion is granted to the extent that the testimony of Dr. Miles is limited as directed by this Order. Finally, Plaintiff is ordered to provide an amended Rule 26(a)(2)(C) disclosure as to Dr. Miles' expected testimony no later than March 30, 2012.

Dated this 15th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge