**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10–cv–02229–WJM–KMT

GARY DAVIS,

      Plaintiff,

v.

THE GEO GROUP, a Florida Corporation doing business in Colorado and
headquartered at 621 NW 53rd Street, Suite 700 Boca Raton, FL 33487,
STEPHEN V. FULLER, in his capacity as the Vice President of the GEO Group, Inc.
and in his individual capacity,
TERESA HUNT, in her capacity as the Warden of the GEO Group, Inc.'s Aurora, CO
Facility, and in her individual capacity, and
DAWN CEJA, in her capacity as the Assistant Warden of the GEO Group Inc.'s Aurora,
CO Facility, and in her individual capacity,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Gary Davis brings this action against Defendants the GEO Group

("GEO"), Stephen V. Fuller ("Fuller"), Teresa Hunt ("Hunt"), and Dawn Ceja ("Ceja") for

employment discrimination and unlawful retaliation.  Before the Court is Defendants'

Motion for Summary Judgment (the "Motion").  (ECF No. 65.)

For the reasons set forth below, Defendants' Motion for Summary Judgment is

granted.

### I.  BACKGROUND

**A.    Factual Background**

The following facts are taken from the record and are undisputed:

GEO is a private company that provides services to governments to house

inmates and/or detainees.  (Dep. of T. Hunt, 18:22-24.)  GEO owns and operates a

detention facility in Aurora, Colorado (the "Aurora facility") under a government services

contract with the Department of Homeland Security, Bureau of Immigration and

Customs Enforcement ("DHS/ICE").  (Decl. of D. Ceja ¶ 4.)  Plaintiff is an

African-American male who began employment at the Aurora facility as a detention

officer on February 12, 2007.  (Am. Compl.  ¶¶ 4, 10 (ECF No. 47).)  Defendant Hunt

was the warden of the Aurora facility during Plaintiff's employment there, and

Defendant Ceja was the assistant warden.  (*Id*. ¶¶ 7-8.)  Defendant Fuller was the Vice

President of Human Resources at GEO's corporate office in Boca Raton, Florida during

Plaintiff's employment with the Company.  (Dep. of S. Fuller, 7:3-8.)

The Aurora facility houses prisoners pursuant to the authority of DHS/ICE.

(Decl. of D. Ceja ¶ 5.)  Plaintiff's duties as a detention officer were to maintain the

safety and security of the facility, staff, and detainees.  (Dep. of G. Davis, 10:5-8.)

Overtime hours for detention officers at the Aurora facility were scheduled and

unscheduled, voluntary and mandatory.  (Dep. of T. Hunt, 38:20-39:6.)

During the pay period from December 1-7, 2007, Plaintiff worked 8.25 hours of

overtime.  (G. Davis Timecard, attached to Motion, Ex. O.)  On the last day of that pay

period, December 7, 2007, Plaintiff arrived at work at 10:38 p.m. and was scheduled to

stay until 7:15 a.m. on December 8, 2008.  (*Id*.)  At approximately 4:55 a.m., Plaintiff sat

down at a desk in a dorm containing prisoners and fell asleep for approximately three to

four minutes.  (G. Davis Letter, dated Dec. 17, 2008, attached to Motion, Ex. Q; Dep. of

G. Davis, 69:2-9.)  He woke up when another officer came into the dorm.  (*Id*.)

On December 17, 2008, GEO held a disciplinary hearing during which Plaintiff admitted that he fell asleep at his security post while on duty. (Decl. of D. Ceja ¶ 17.) After the discipline hearing, the hearing panel, including Defendant Ceja, recommended that Plaintiff's employment be terminated. (*Id*. ¶ 21.) Likewise, Defendant Hunt also recommended that Plaintiff's employment be terminated. (Dep. of T. Hunt, 21:24-22:3.)

On January 6, 2009, Plaintiff's employment at the Aurora facility ended. (Dep. of G. Davis, 96:8-22.) Approximately five months later, on or about June 8, 2009, GEO received notice that Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination against GEO in relation to his separation from employment at the Aurora facility. (EEOC Notice, attached to Motion, Ex. W.)

In November 2009, Cornell Companies ("Cornell") hired Plaintiff to work as a correctional officer at its facility in Hudson, Colorado (the "Hudson facility"). (Am. Compl. ¶ 21.) On April 19, 2010, GEO and Cornell Companies announced their intent to merge, whereby GEO would purchase Cornell. (S. Fuller Decl. ¶ 4.) This purchase included the Hudson facility where Plaintiff worked. (*Id*.)

In July 2010, GEO received a list from Cornell of its employees and determined that there were twenty-eight Cornell employees that had been previously employed by GEO. (S. Fuller Decl. ¶ 5.) Of those twenty-eight former employees, GEO determined that seven employees would not be retained by the Company, including Plaintiff. (*Id*. ¶ 8.)

On or about August 12, 2010, GEO terminated Plaintiff's employment, along with the employment of the six other former Cornell employees. (*Id*. ¶ 11.)

## B.    Procedural History

Plaintiff's Amended Complaint was filed on March 18, 2011.  (Am. Compl. (ECF No. 47.))  Plaintiff brings claims of employment discrimination and retaliation against Defendants.  (*Id*.)  Plaintiff's first claim is brought pursuant to 42 U.S.C. § 1981 against all Defendants, but contains two parts.  The first part of the first claim is against Defendants GEO, Hunt, and Ceja for discrimination at the Aurora facility.  (*Id*.)  The second part of the first claim is against Defendants GEO and Fuller for discrimination and retaliation at the Hudson facility.  (*Id*.)  Plaintiff's second claim is brought under 42 U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964) ("Title VI") against only Defendant GEO for discrimination at both the Aurora and Hudson facilities.  (*Id*.)

On September 19, 2011, Defendants filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on all of Plaintiff's claims.  (Motion (ECF No. 65.))  On October 6, 2011, Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment.  (Response (ECF No. 76.)  On November 4, 2011, Defendants filed their Reply in Support of their Motion for Summary Judgment.  (Reply (ECF No. 94.))

This Motion is now ripe for resolution.

## II.  LEGAL STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute

as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party. *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325.  Where the non-movant bears the burden of proof at trial, the non-movant must then point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).

### III.  ANALYSIS

**A.    42 U.S.C. § 1981 Claims Against Defendants GEO, Hunt, and Ceja**

Defendants move for summary judgment on Plaintiff's claim that Defendants GEO, Hunt, and Ceja discriminated against him at the Aurora Facility when they: (1) required him to work excessive hours in 2008, (2) denied him a progressive disciplinary

system, (3) disciplined him more harshly than similarly-situated non-African-American workers, and (4) constructively discharged him.  (Motion at 11-18.)  Defendants argue that Plaintiff cannot establish a *prima facie* case of race discrimination, and that they had lawful cause to terminate Plaintiff's employment.  (*Id*.)

In general, a plaintiff makes out a *prima facie* case for disparate treatment under 42 U.S.C. § 1981 by showing: (1) he is a member of a protected class; (2) he suffered an adverse job action; and (3) he was treated less favorably than similarly situated employees not in the protected class.  *See Sydney v. ConMed Elec. Surgery*, 275 Fed. Appx. 748, 751-52 (10th Cir. 2008).  A plaintiff may prove a violation of 42 U.S.C. § 1981 either by direct evidence of discrimination, or by adhering to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See also Crowe v. ADT Sec. Services, Inc.*, No. 10-cv-1298, 2011 WL 1532536, at *3 (10th Cir. April 25, 2011) (citations omitted).  After a plaintiff has established a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the employee's discharge.  *See McDonnell-Douglas Corp.*, 411 U.S. at 802.

Once the employer comes forward with a facially non-discriminatory reason for the adverse employment decision, the plaintiff is afforded a fair opportunity to demonstrate that the assigned reason for the allegedly discriminatory act was a pretext or discriminatory in its application.  *Id*. at 804; *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1321 (10th Cir. 1997).  "A plaintiff produces sufficient evidence of pretext when she shows 'such weaknesses, implausibilities, inconsistencies, incoherenceies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder

6

could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" *Jones v. Okla. City Pub. Sch*., 617 F.3d 1273, 1280 (10th Cir. 2010) (quoting *Jaramilo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005)).

### 1.   Overtime Claim

Plaintiff alleges that Defendants Hunt and Ceja discriminated against him by forcing him to work an excessive number of hours.  Defendants seek summary judgment on Plaintiff's overtime claim arguing that Plaintiff admits that he volunteered for much of the overtime and that he has no evidence that the number of hours assigned to him were excessive.  (Motion at 12-14.)

After reviewing Defendants' argument and evidence (*Id*.), the Court finds that Defendants have met their initial burden of showing an absence of evidence to support Plaintiff's claim.  *See Celotex*, 477 U.S. at 325.  Moreover, Plaintiff did not respond at all to this portion of Defendants' Motion for Summary Judgment.  The question then becomes if Plaintiff has confessed this portion of Defendants' Motion.

In determining if a plaintiff has confessed a motion, the Court considers three factors: (1) the degree of actual prejudice to the non-responsive party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant.  *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998); *see also Murray v. City of Tahlequah, Oklahoma*, 312 F.3d 1196, 1200 (10th Cir. 2002).  "[O]nly when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Murray*, 132 F.3d at

611 (citation omitted).  When balancing these factors, the Court can deem a dispositive

motion "confessed" when there is a "clear record of delay or contumacious conduct."

*See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

After considering the three factors described above, the Court finds that Plaintiff

has confessed the overtime claim portion of Defendants' Motion for Summary

Judgment.  Plaintiff made no effort to controvert Defendants' evidence on the overtime

claim, and otherwise failed to respond to any of the legal contentions advanced by

Defendants in regards to this claim.  Therefore, Defendants' Motion for summary

judgment as a matter of law on Plaintiff's 42 U.S.C. § 1981 overtime claim is granted.

### 2.     Progressive Discipline Claim

Defendants also move for summary judgment on Plaintiff's claim that Defendants

GEO, Hunt, and Ceja discriminated against him by denying him the benefits of a

progressive discipline system.  (Motion at 15.)  Defendants argue that Plaintiff was

treated the same as non-minority, similarly-situated detention officers, and that there is

no basis for his assertion that Defendants should have utilized progressive discipline.

(*Id*.)

As with Plaintiff's overtime claim above, Defendants have met their initial burden

of showing an absence of evidence to support Plaintiff's claim.  *See Celotex*, 477 U.S.

at 325.  Once again, Plaintiff inexplicably has failed to respond to this portion of

Defendants' Motion.  Accordingly, after reviewing the relevant confession factors

described above, the Court finds that Plaintiff has confessed the progressive discipline

claim portion of Defendants' Motion for Summary Judgment.  Therefore, Defendants'

Motion for summary judgment as a matter of law on Plaintiff's 42 U.S.C. § 1981 progressive discipline claim is granted.

### 3.    Constructive Discharge Claim

Defendants next argue that they are entitled to summary judgment on Plaintiff's constructive discharge claim because Plaintiff cannot establish a *prima facie* case of discrimination.  (Motion at 16-18.)  Defendants also assert that Plaintiff cannot succeed on his constructive discharge claim because he lost his job for sleeping while on duty, a legitimate, non-discriminatory reason for his employment termination.  (*Id.*)

To establish a *prima facie* case for discriminatory termination under 42 U.S.C. § 1981, Plaintiff must demonstrate that he: (1) belongs to a protected class; (2) was qualified for his position; (3) was discharged despite his qualifications; and (4) was terminated "under circumstances which give rise to an inference of unlawful discrimination."  *Perez v. St. John Med. Ctr.*, 409 F. App'x. 213, 216 (10th Cir. 2010).  A claim for disparate treatment requires that Plaintiff show that similarly-situated employees who are not members of a protected class were treated more favorably.  *See Trujillo v. University of Colorado Health Sci. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998).

Plaintiff's attempt to establish a *prima facie* case of racial discrimination leading to his constructive discharge is woefully insufficient.  All of Plaintiff's "facts" are stated without any citation to supporting evidence in the record, and with no record citations whatsoever.  (Response at 14-17.)  Indeed, Plaintiff has entirely failed to cite any evidence in the record supporting *any* of his claims.  (*Id.*)  This failure is fatal to

Plaintiff's constructive discharge claim.

Local Rule 7.1(D) provides that "[e]very citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made." D.C.COLO.LCivR 7.1(D).  In addition, the undersigned's Revised Practice Standards clearly state:

> General references to cases, pleadings, depositions, or documents are insufficient if the document is over one page in length.  The parties shall provide specific references in the form of precise citations, page number or paragraph number to identify those portions of the cases, pleadings, depositions, or documents relevant to the argument presented.  Failure to follow these citation requirements will result in the striking of the offending documents and/or such other sanction this court deems appropriate under the circumstances.

WJM Revised Practice Standards II.F.2.

Plaintiff's Motion for Summary Judgment Response is in wholesale violation of these rules and standards.  Virtually every paragraph in Plaintiff's Response contains factual allegations, but not a *single* record citation.  (Response at 14-17.)  Plaintiff refutes Defendants' "Undisputed Facts" section by relying, almost exclusively, on his affidavit which contains inadmissible hearsay statements, and statements made without a factual basis.  *See* Fed. R. Civ. P. Rule 56(e); *Treff v. Galetka*, 74 F.3d 191, 195 (10th Cir.1996); *Piercy v. Maketa*, 480 F.3d 1192, 1197-98 (10th Cir. 2007).  Moreover, other than citing cases that set forth general legal standards, Plaintiff offers no legal authority to support his claims.  Further, Plaintiff does not actually provide the Court with a "Statement of Additional Disputed Facts."  (Response at 2-3.)  Instead, he asks the Court to read his affidavit.  (*Id*.)  Such a response does not follow this Court's Revised

Practice Standards and is insufficient.  WJM Revised Practice Standards III.E.5.

Plaintiff also makes conclusory statements that his exhibits will show that Caucasian employees who were caught sleeping on the job in circumstances similar to Plaintiff's were not fired.  (Response at 14-15.)  Yet Plaintiff does not cite to where in the record such evidence can be found, and this Court, after reviewing Plaintiff's Exhibits, has found no evidence to support his claims.[1]  (Response at 14-17.)  The Court has no obligation to sift through all of Plaintiff's evidence to determine if there is a trial-worthy issue as to whether Plaintiff was fired due to discrimination.  *See Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1199 (10th Cir. 2000) (holding that the Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [him]."). "[O]n a motion for summary judgment, 'it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record."  *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004).  Plaintiff's Response has utterly failed to meet this burden and this failure, in and of itself, is sufficient reason to grant summary judgment in favor of Defendants.  *See Mitchell*, 218 F.3d at 1199 (holding summary judgment is appropriate when an opposition is "limited to conclusory statements and . . . void of cites to the specific portions" of the record containing relevant evidence).

------

[1]     Plaintiff submitted two affidavits from former CEO detention officers which state that they observed officers "sleeping on the job," but they "do not believe they were fired." (ECF No. 74, Exs. 6, 7.)  However, these affidavits do not state that supervisors at the Aurora facility ever became aware the officers in question were "sleeping on the job" and that they were treated differently than Plaintiff.  As such, these two affidavits do not create a material dispute of fact.

11

Conversely, Defendants have submitted undisputed evidence to support their argument that Plaintiff was not terminated from the Aurora facility due to racial discrimination.  For example, Defendants have put forward undisputed evidence that Defendant GEO also terminated non-minorities for sleeping on duty from the Aurora facility.  (Decl. of D. Ceja, ¶ 22; GEO Interrogatory Responses, attached to Reply, Ex. DD, p. 3-4.)  Moreover, Defendants have articulated a non-discriminatory reason for Plaintiff's termination - namely, that he was sleeping on duty.  *See, e.g., Williams v. Solvay Chemicals Inc.*, No. 09-8095, 385 Fed. Appx. 820 (10th Cir. July 7, 2010) (plaintiff failed to demonstrate that his firing for sleeping on the job was either arbitrary or pretextual); *Nealey v. Water District No. 1 of Johnson County*, No. 08-3144 324, Fed. Appx. 744 (10th Cir. May 12, 2009) (termination for sleeping on the job is a legitimate business reason for termination); *Johnson v. Sedgwick County Sheriff's Dept.*, No. 08-2614, 2011 WL 2746716 (D. Kan. July 14, 2011).  Plaintiff does not dispute this fact. (G. Davis Dec. 17, 2008 Letter, attached to Motion, Ex. Q; Dep. of G. Davis, 69:2-20; 100:18-101:3; 102:12-18; 104:2-16; D. Ceja Decl. ¶¶ 17, 21; Employee Disciplinary Hearing Notification, attached to Motion, Ex. T.)

As stated above, in order to defeat Defendants' Summary Judgment Motion, Plaintiff must establish a *prima facie* case of discrimination or prove the ultimate fact of discrimination by showing that Defendants' proffered reason for Plaintiff's firing was pretextual.  *See Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1166 (10th Cir. 2007).  Plaintiff has done neither.  Rather, Plaintiff admits he fell asleep and Defendants have provided evidence that this infraction was the reason for his job

termination.  (G. Davis Dec. 17, 2008 Letter, attached to Motion, Ex. Q; Dep. of G. Davis, 69:2-20; 100:18-101:3; 102:12-18; 104:2-16; D. Ceja Decl. ¶¶ 17, 21; Employee Disciplinary Hearing Notification, attached to Motion, Ex. T.)  Plaintiff has provided no evidence to the contrary.

Accordingly, the Court finds that there is no genuine dispute of fact that prevents Defendants from being entitled to judgment as a matter of law on Plaintiff's constructive discharge claim.  As such, Defendants' Motion for Summary Judgment on this claim is granted.

## B.     42 U.S.C. § 1981 Claims Against Defendants GEO and Fuller

Plaintiff's next Section § 1981 claim is against Defendants GEO and Fuller for discrimination based on his race when they fired him from the Hudson facility in August 2010.  Plaintiff also asserts that his termination in 2010 was in retaliation for complaining about racial discrimination.

### 1.     Discrimination Claim

Defendants move for summary judgment on Plaintiff's discrimination claim arguing that Plaintiff's termination from the Hudson facility in 2010 was not based on race, but based on the fact that his employment had been previously terminated by GEO.  (Motion at 18-20.)

Defendants have met their initial burden of showing an absence of evidence to support Plaintiff's claim.  *See Celotex*, 477 U.S. at 325.  Indeed, several other guards were also fired after Defendant GEO took over Cornell because they had been previously discharged by GEO, including at least one Caucasian and one Hispanic employee.  (S. Fuller Decl. ¶¶ 5-15.)  In his Opposition, Plaintiff's only response to this

13

portion of Defendants' Motion is that Defendant Hunt's designation of Plaintiff as "resigned under investigation" was false.  (Response at 16.)  But Defendant Hunt's designation of Plaintiff is not a material issue of this claim.  Rather, Plaintiff must argue and submit some evidence that he was fired due to discrimination.  Since no such argument was made, Plaintiff has not responded in any meaningful or material way to this portion of Defendants' Motion, and the Court finds that Plaintiff has confessed the 2010 termination discrimination claim portion of Defendants' Motion for Summary Judgment.  As such, Defendants' Motion for summary judgment as a matter of law on Plaintiff's 42 U.S.C. § 1981 discrimination claim, based on his termination from Defendant GEO in 2010, is granted.

### 2.      Retaliation Claim

Defendants also move for summary judgment on Plaintiff's claim that Defendants GEO and Fuller terminated him from the Hudson facility in August 2010 in retaliation for complaining about race discrimination.  (Motion at 20-24.)

To show a *prima facie* case for retaliation under 42 U.S.C. § 1981, a plaintiff must show: (1) that he engaged in protected opposition to discrimination; (2) that a reasonable employee would have found the challenged action materially adverse; and (3) that a causal connection existed between the protected activity and the materially adverse action.  *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008). Under the third element, a plaintiff must show a causal connection between the protected activity and the termination with "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse

action." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).  When the adverse employment action is not "very closely connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation." *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (internal citations omitted).  "If the only evidence of causation is temporal relationship, then the adverse action must occur closely following the protected activity." *Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007).   While temporal proximity may be a sufficient basis for establishing causation, it is not a necessary element for the third causal connection prong of a retaliation claim. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999).  In other words, while temporal proximity may be one method of establishing a causal connection between the protected conduct and the alleged resulting adverse action, it is not itself an element of a claim of retaliation.  One result of all this is that, when there no temporal proximity to the adverse employment action in question, plaintiff "will need to rely on additional evidence beyond mere temporal proximity to establish causation." *Anderson,* 181 F.3d at 1179.

On or about June 8, 2009, GEO received notice that Plaintiff filed a charge of discrimination with the EEOC.  (EEOC Notice, attached to Motion, Ex. W.)  Over one year later, on August 12, 2010, Defendant GEO terminated Plaintiff from the Hudson facility.  (S. Fuller Decl. ¶ 11.)  Therefore, there is a manifest lack of temporal proximity between Plaintiff's protected activity and his adverse employment action.  *See Anderson*, 181 F.3d at 1179.

Since there is a lack of temporal proximity here, Plaintiff attempts to establish causation by arguing that all Cornell employees who had previously filed EEOC charges against GEO were not retained by GEO when it merged with Cornell.  However, GEO terminated the employment of all Cornell employees who has been previously discharged by the Company, including Plaintiff, not just those employees who had previously filed charges with the EEOC.  (S. Fuller Decl., ¶¶ 5-15.)  Plaintiff has offered no evidence that refutes this fact, nor he offered any evidence that he was treated differently than GEO employees who did not file charges with the EEOC.  Moreover, even if Plaintiff could establish a *prima facie* case of retaliation, Plaintiff has submitted no evidence to show that Defendants' reason for his 2010 termination from the Hudson facility was mere pretext for unlawful retaliation.  *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006).

Accordingly, the Court finds that there is no genuine dispute of fact that prevents Defendants from being entitled to summary judgment as a matter of law on Plaintiff's retaliation claim.  As such, Defendants' Motion for Summary Judgment on this claim is granted.

**C.    42 U.S.C. 2000d (Title VI) Claim**

Finally, Defendant GEO moves for summary judgment on Plaintiff's claim of disparate treatment based on his race in violation of Title VI.  (Motion at 24-17.)

Title VI prohibits discrimination on the basis of race in any program or activity receiving federal financial assistance.  *See* 42 U.S.C. 2000d.  "That prohibition extends to discrimination in employment by programs or activities that receive federal funding;

16

however, covered entities can only be sued for employment discrimination 'where a primary objective of the Federal financial assistance [to that program or activity] is to provide employment.'" *Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1531 (10th Cir. 1995) (quoting 42 U.S.C. § 2000d-3.5).  Therefore, to sustain a claim against GEO under Title VI, Plaintiff must prove that Defendant GEO: (1) receives federal financial assistance; and (2) the primary objective of that assistance is to provide employment.  *Id*.

Defendant GEO has met its initial burden of showing an absence of evidence to support Plaintiff's claim.  *See Celotex*, 477 U.S. at 325; *see also Logan v. U.S.*, No. 96-cv-55042, 1996 WL 717087, at *2 (9th Cir. Dec. 2, 1996) (*per curiam*) (payments received pursuant to a federal government contract to house prisoners do not constitute federal financial assistance).  Plaintiff, in turn, has not responded to this portion of Defendants' Motion.  Accordingly, once again, after reviewing the relevant confession factors described above, the Court finds that Plaintiff has confessed the Title VI claim portion of Defendants' Motion for Summary Judgment.  Therefore, Defendants' Motion for summary judgment as a matter of law on Plaintiff's 42 U.S.C. 2000d (Title VI) claim is granted.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendants' Motion for Summary Judgment (ECF No. 65) is GRANTED;

2.      The Clerk of the Court is DIRECTED to enter judgment in favor of Defendants on all claims; and

3.      Defendants shall be awarded their costs.

Dated this 9th day of May, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge